```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/11/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION         14-MD-2543 (JMF)
                                                     14-MC-2543 (JMF)
*This Document Relates to All Actions*

                                                       **ORDER NO. 38**
-------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

**[Regarding Preservation and Accessibility of Documents and Electronic Data]**

The Court has previously reminded all parties and their counsel "of their duty to preserve evidence that may be relevant to this action." (14-MD-2543, Docket No. 19 at 12.) Order No. 1 states that, "[u]ntil the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation." (*Id.*) Further, Order No. 11 required the parties to "provide a description of sources of electronic data which may have potentially relevant information, but which the parties do not intend to search on the basis that such data is alleged to be not reasonably accessible due to burden or cost (in accordance with Rule 26(b)(2)(B))." (14-MD-2543, Docket No. 295 at 5.)

Pursuant to the Court's directions and guidance provided by the *Manual for Complex Litigation (Fourth),* § 11.442, and The Sedona Conference®, the Parties have conferred regarding (a) the identification and accessibility of potentially relevant documents and electronic data and (b) the reasonable and proportionate steps to preserve those documents and data.

Based on the agreement of the Parties, and for good cause shown, the Court enters this Order to address the scope of accessibility and preservation of Documents and Electronic Data in this matter.  This Order supersedes the preservation provisions set forth in Order No. 1.  *See* Order

No. 1, § XII.  This Order does not, however, supersede Order No. 11 or the orders entered by the Court with respect to the preservation of tangible things.  *See, e.g.*, 14-MD-2543 Docket Nos. 238, 279, 344, 403.  It is anticipated that additional orders may be entered with respect to other specified Documents, Electronic Data, and tangible things, which orders will supersede this Order to the extent they conflict with this Order.

**I.     SCOPE**

For actions transferred, coordinated, or consolidated into this MDL proceeding, this Order shall govern the Parties' obligations regarding accessibility and Preservation of Documents and Electronic Data.  The Parties to actions directly filed in this judicial district shall be subject to this Order on the date the Clerk enters the case on the MDL 2543 docket.  Parties to cases the Judicial Panel on Multidistrict Litigation ("JPML") transfers to MDL 2543 shall be subject to this Order beginning either (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

This Order does not address, limit, or determine the relevancy or admissibility of any Document or Electronic Data, regardless of whether the Document or Electronic Data is required to be Preserved pursuant to the terms of this Order.  This Order does not expand the preservation requirements under the Federal Rules of Civil Procedure, and it does not limit any protection provided by Federal Rule of Civil Procedure 37(e) or other applicable Rules. The Parties do not waive any objections as to the production, discoverability, or confidentiality of Documents or Electronic Data Preserved under this Order.  This Order also does not address the Parties' respective responsibilities for the costs of retrieving or producing Documents or Electronic Data that may be subject to discovery.  Moreover, nothing in this Order limits or specifies the form of production of Documents or Electronic Data as provided in the Federal Rules of Civil Procedure

and agreed upon by the Parties or as ordered by the Court in Order No. 11 (14-MD-2543, Doc. No. 295 (entered Sept. 10, 2014)).

**II.     DEFINITIONS**

1. "Backup Media" shall mean media, such as disks, disk drives, and tapes, onto which Backup Systems store Electronic Data. Backup Media does not include media, such as CDs, DVDs, and USB flash drives, on which an individual user stores unique, relevant Documents.

2. "Backup System(s)" shall mean computer systems or devices that periodically store Electronic Data on disks, disk drives, tapes, or other media primarily for backup or disaster recovery purposes, and which are not used in the ordinary course of business for archiving or for legal hold compliance purposes.

3. "Document(s)" shall mean documents as the term is used in Federal Rule of Civil Procedure 34(a)(1)(A) — "[A]ny designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation [of data] by the responding party into a reasonably usable form" — that are reasonably anticipated to be the subject of discovery in this litigation.

4. "Electronic Data" shall mean electronically stored information and shall be considered Documents under this Order.

5. "Forensic Image(s)" shall mean an exact copy of an entire physical storage medium (for example, hard drive, CD-ROM, DVD-ROM, or tape), including all active and residual data and unallocated or slack space on the medium. A Forensic Image of an encrypted medium may be encrypted or unencrypted. It is possible to encounter bad sectors during imaging of physical media, and those bad sectors would not be captured as part of the image.

6. "Identical Copy" and "Identical Copies" shall mean the following:

    i. A paper Document that is a full and complete copy of a second paper Document and does not differ from the second paper Document because of highlights, underlining, marginalia, total pages, attachments, notes, markings or other alterations. For example, where there are two paper Documents with identical content but one has highlighting and the other does not, then the paper Documents shall not be considered Identical Copies.

    ii. An electronically stored Document that is a copy of another electronically stored Document, excluding metadata. For example, copies of the same electronically stored Document saved on the local hard drives or network shared drives of multiple individuals shall be considered Identical Copies if they contain the same substantive content, even if they do not contain the same metadata. In the specific instance of email, an Identical Copy must contain the same substantive content and following metadata fields, to the extent they exist: "Sender," "To," "From," "CC," "BCC," "Subject," and "Time Sent."

  7. "Legacy Data" shall mean Electronic Data that is only compatible with, is only understood by, or only resides on software or hardware that has become obsolete, that the Party no longer actively uses, that is no longer operational, or that is no longer commercially available.

  8. "Network Accessible Storage Device(s)" shall mean any hard drive, data storage device, server, or electronic repository mounted or connected to a network directly, or indirectly via the internet, such that it is accessible to multiple users.

  9. "New GM Defendants" shall mean General Motors LLC, General Motors Company, and any additional New GM entities that are named as defendants in Plaintiffs' consolidated complaint filed with the Court on October 14, 2014, or any amendments thereto, or named as defendants in any personal injury action in MDL 2543.

10. "Party" and "Parties" shall mean all Plaintiffs, the New GM Defendants, and any other defendants that have been or in the future are joined or transferred into this proceeding.

11. "Plaintiff(s)" shall mean named class representatives and other named plaintiffs in this proceeding, as well as named plaintiffs in cases that in the future are transferred, coordinated, consolidated, or otherwise joined in this proceeding.

12. "Preservation," "Preserve(s)," "Preserved," and "Preserving" shall mean taking reasonable steps to prevent the partial or full destruction, alteration, shredding, incineration, wiping, or loss of Documents or Electronic Data.

13. "System Data" shall mean system data created by the normal operation of computer systems, such as temporary system files, and data fragments, including deleted, slack, fragmented, or other residual data that is not readily visible to the user, contained in slack space or unused portions of a hard drive, and that requires the use of forensic recovery tools for Preservation or collection purposes.

## III.  DOCUMENTS AND ELECTRONIC DATA REQUIRED TO BE PRESERVED

1. Consistent with the Manual for Complex Litigation's objective to eliminate unnecessary litigation costs, the Parties' obligations to Preserve Documents and Electronic Data should be aimed at "best preserv[ing] relevant matter without imposing undue burdens." *Manual for Complex Litigation (Fourth)*, § 11.442.  The Parties shall Preserve all evidence discoverable under the Federal Rules of Civil Procedure within their possession, custody, or control.  The duty to Preserve Documents and Electronic Data as specified in this Order also extends to any person appearing in a representative capacity for a named Plaintiff (for example, a guardian ad litem) and to any successor of a Party.

2. The Preservation obligations of this Order shall continue until final adjudication of this action, including any appeals, unless otherwise agreed to by the Parties or directed by this Court.

3. In general, the Parties shall retain Documents in their native form. A Party may copy Electronic Data to an alternative storage device or medium so long as such copying is reasonably expected to cause no changes to the substantive content. The Parties are not obligated to (a) retain paper Documents if a Party scans, microfiches, or otherwise images copies of a paper Document in a way that retains all content of the paper Document in a commonly used electronic format such as PDF or TIFF. Further, for purposes of preservation, the Parties are not required to segregate Documents from other information that is outside the scope of this Order or image Documents otherwise stored in paper form.

4. This Order does not require a Party to modify its computer systems or suspend operating protocols of computer systems and applications. Given the wide range of approaches used by the numerous Parties to manage Documents (including the management of Electronic Data and the systems used for its recovery in the event of a disaster), it is not practical to delineate a single detailed process that all Parties must follow to Preserve Documents. Instead, the Court will permit a Party to select and use its own method to Preserve Electronic Data, so long as the method enables the Party to meet its Preservation obligations under this Order.

5. The Parties shall Preserve Documents as follows:

   a. **Paper Documents**

Subject to the exceptions in Section III, Paragraph 3 of this Order, for Documents that are created in paper form, the Parties shall Preserve at least one Identical Copy of such Documents in paper form.

**b.      Electronic Mail**

For electronic mail Documents, the Parties shall, subject to the exceptions in Section III, Paragraph 3, Preserve at least one Identical Copy of all such Documents, including any parent-child relationships that exist. The Parties shall Preserve metadata associated with such e-mail Documents, and any attachments. Notwithstanding Section III, Paragraph 4, the Parties shall disable any electronic mail server functionality for relevant custodians that would have the effect of automatically deleting electronic mail Documents, or take other steps to prevent automatic deletion of electronic mail Documents.

Without restricting the Parties' freedom to use reasonable Preservation methods permitted by Section III, Paragraph 3, reasonable approaches that Parties may use to Preserve electronic mail Documents include but are not limited to: (a) identifying individuals reasonably likely to create or receive electronic mail Documents and instructing such individuals to retain such Documents in electronic form; (b) using an automated electronic Preservation system that identifies and Preserves specific emails based on predetermined keywords and/or other reasonable search criteria; (c) for Plaintiffs, saving electronic mail Documents in the Plaintiffs' electronic mail program, refraining from deleting and preventing the automatic deletion of electronic mail Documents, or otherwise altering electronic mail Documents and attachments required under this Order; or (d) taking any other reasonable steps to Preserve the electronic mail Documents.

**c.      Electronic Data Stored on Network Accessible Storage Devices.**

For Electronic Data, other than electronic mail Documents, stored on Network Accessible Storage Devices, the Parties shall, subject to the exceptions in Section III, Paragraph 3, Preserve at least one Identical Copy of all such Documents including metadata that is associated with that Identical Copy.

      **d.**      **Electronic Data Stored on Local Computer Hard Drives, External Hard Drives, or Other Media.**

For Electronic Data, other than electronic mail Documents, stored on local computer hard drives, external drives, or other media such as CDs or DVDs and thumb drives, the Parties shall, subject to the exceptions in Section III, Paragraph 3, Preserve at least one Identical Copy of all such Documents including metadata that is associated with that Identical Copy.

Without restricting their freedom to use reasonable Preservation methods permitted by Section III, Paragraph 3, reasonable approaches that the Parties may use to Preserve these Documents include but are not limited to taking reasonable efforts to identify individuals reasonably expected to have possession of Electronic Data saved on such devices or media and notifying them of their duties and obligations to Preserve Documents under this Order.

      **e.**      **Legacy Data.**

Subject to the exceptions in Section III, Paragraph 3 of this Order, the Parties shall Preserve relevant Legacy Data. In addition to other reasonable methods of Preservation, the Parties may Preserve Legacy Data by maintaining it as it exists where it is stored.

6. No Party shall take any action for the primary purpose of modifying or deleting any metadata field (including, for example, the "Last Modified Date" field) in Documents or Electronic Data.

7. In light of the employment status of individual custodians, the make, model, and operational status of individual devices, the multiple potential approaches to encryption, and the current capabilities of industry-standard methods and tools to obtain Forensic Images, obtaining such images may not be possible for practical or technological reasons. As one example, it may not be possible using current methods and industry-standard tools to obtain Forensic Images for certain devices, such as devices with Apple operating systems. For Apple Mac computers imaged

under this Paragraph, it is sufficient for the New GM Defendants to attempt to obtain a Forensic Image using Macquisition. In the instances where a full Forensic Image technically cannot be made, the parties will follow best practices in creating a logical image.

Nevertheless, notwithstanding Section III, Paragraph 5.d and Section IV, Paragraph 1.a, the New GM Defendants have created or will attempt, subject to the issues raised in the preceding paragraph, to capture, and shall Preserve, a single Forensic Image of each desktop, workstation, and laptop device known to be assigned by the New GM Defendants to the following individuals on the imaging date:

  a. Altman, Gary F.
  b. Andres, Laura J.
  c. Barra, Mary T.
  d. Beauregard, Mark A.
  e. Boler-Davis, Alicia S.
  f. Buddrius, Eric A.
  g. Carey, David S.
  h. Churchwell, James M.
  i. Davidson, Dwayne F.
  j. DeGiorgio, Raymond G.
  k. Dolan, John R.
  l. Dougherty, Lucy C.
  m. Everest, Brian J.
  n. Federico, James
  o. Foley-Gardner, Maureen E.
  p. Johnson, Mark A.
  q. Kemp Jr., William
  r. Kent, Gay P.
  s. Manzor, Alberto
  t. Millikin, Michael P.
  u. Modi, Vipul A.
  v. Oakley, Steven D.
  w. Palmer, Jaclyn C.
  x. Sprague, John T.
  y. Stouffer, Brian
  z. Trush, David
  aa. Wachtel, Doug

The Forensic Images were captured or will be captured once for each custodian on a date that is on or after (1) October 15, 2014, or (2) forty-five days before the date of separation from employment with the New GM Defendants, whichever is earlier.

Except as described in this Paragraph, the New GM Defendants shall not be required to capture or Preserve Forensic Images except by written agreement of the Parties or order of the Court upon a showing of good cause, including a showing why any additional image would be likely to yield material information that cannot be obtained through other, less-burdensome methods.

## IV. DOCUMENTS AND ELECTRONIC DATA NOT REQUIRED TO BE PRESERVED, AND DEEMED NOT REASONABLY ACCESSIBLE

1. Notwithstanding Section III, the Parties are not obligated to Preserve the following:

    a. System Data, subject to the requirements of Section III, Paragraph 7.

    b. Residual data from internet or other online activities, including, but not limited to temporary internet files, history, cache, and "cookies." Parties need not Preserve random access memory (RAM), temporary files, unallocated space, or other ephemeral data that is difficult to Preserve without disabling the operating system. Parties need not Preserve server or system logs.

    c. Instant messages, text messages, data on mobile devices, or voicemail messages (including those in unified messaging systems). The cost and burden associated with Preserving and potentially recovering discoverable information outweighs the likely need for and relevancy of any such discoverable information.

    d. Identical Copies, so long as at least one Identical Copy of all Documents is Preserved.

    e. Electronic Data stored on Backup Media.

      f.  Documents stored electronically that are no longer accessible due to file corruption or other technical errors, if after making reasonable efforts, the Party determines the data cannot be salvaged or restored. A Party shall notify the other Parties of instances when such unsalvageable or unrestorable Documents are the result of a large-scale technical error that affects the data of multiple users.

2.    The data sources listed in Paragraph 1 of this section, as well as any Legacy Data and System Data, shall be considered not reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), and the Parties shall not be required to search or produce information from such data sources. Except as otherwise explicitly specified in this Order, the Parties reserve their rights with respect to arguments regarding whether certain Documents or Electronic Data are not reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).

## V.    PERMISSIBLE MODIFICATIONS AND ALTERATIONS OF DOCUMENTS

1.    Notwithstanding Section III, Parties may take any of the following actions in the ordinary course of business:

      a.  Routine maintenance and operation of a Party's computers or systems so long as reasonable steps are taken to avoid the destruction or alteration of Documents required to be Preserved under this Order.

      b.  Upgrading, loading, reprogramming, customizing, or migrating data, even if such actions modify or alter the way that data is maintained, stored or viewed, provided that reasonable steps are taken to avoid the destruction or alteration of Documents required to be Preserved under this Order.

c. Upgrading and replacing computer hardware and software, provided that reasonable steps are taken to avoid the destruction or alteration of user-created files.

d. Inputting, accessing, updating, or modifying data in a database, spreadsheet, or other "living" Document, resulting in the data being modified, altered or overwritten where such data is modified, altered or overwritten in the ordinary course of business including, for example, updating contact or warranty information.

e. Editing, modifying, removing, or taking down web pages, Internet, extranet or intranet sites ("Web Content"). However, any Party may request, in writing, that another Party Preserve specific, limited Web Content, and the Party receiving the request shall preserve such information, provided that the following conditions are met: (1) the sum total amount of Web Content that the Party has been requested to Preserve is limited; (2) the Party has the ability to Preserve the Web Content; (3) Preservation of the Web Content does not pose an unreasonable burden; (4) a requesting Party does not have the ability to Preserve the Web Content itself; (5) there is no reasonable means of alternative discovery that would provide the information sought; and (6) the importance of the requested Web Content is proportional to the cost of Preserving that content. If any Web Content is requested to be Preserved, the parties shall meet and confer about the scope, form, and format of such Preservation and/or production.

   f. Editing or revising copies of Documents pursuant to routine policies, programs, or in the ordinary course of a Party's business.

## VI. IMPLEMENTATION AND MODIFICATION OF ORDER

  1. A Party must communicate the existence and substance of this Order to (a) those representatives or employees responsible for carrying out the Party's obligations; (b) for Plaintiffs, members of the Party's family and household whom the Party reasonably believes are likely to possess Documents or Electronic Data required to be Preserved; and (c) employees whom the Party reasonably believes are likely to possess Documents or Electronic Data required to be Preserved.

  2. The Parties are directed to confer to resolve any disputes as to what Documents or Electronic Data are to be Preserved or considered not reasonably accessible under this Order. Counsel for the Parties may stipulate and agree in writing, without further Court order, that specific Documents need or need not be Preserved, or are to be considered not reasonably accessible. If the Parties are unable to resolve disputes among themselves, any Party may move the Court for resolution of the dispute.

  3. If certain provisions of this Order result in particular and/or unique problems for a Party, or if a particular application makes it unreasonably burdensome or impossible for a Party to comply with this Order, that Party and opposing Parties may negotiate and agree to any reasonable exception to or modification of this Order. The Parties may stipulate to such exception or modification without Court order. If such negotiation does not lead to an agreed modification, any Party may apply to this Court for an exception to or modification of this Order.

  4. If the Parties are unable to agree as to what Documents (a) are outside the scope of this Order, (b) may be destroyed or otherwise altered pursuant to routine policies, programs, or the ordinary course of business, (c) need not be Preserved, or (d) are to be considered not reasonably accessible, they may apply to the Court for clarification or relief from this Order.

5.  If a Party has a good faith basis to believe that this Order requires supplementation to cover materials reasonably anticipated to be the subject of discovery in this action, the following meet-and-confer process shall be used.  A Party shall send written notice to the other Parties of its belief that this Order may require supplementation.  Service of such notice shall be provided to the Parties' lead counsel.  Such notice shall include a detailed description of the materials that would be affected by the proposed supplementation of this Order.  Within thirty (30) days of receiving such written notice, the Parties shall confer to attempt in good faith to resolve whether this Order requires supplementation.  Within a reasonably prompt period after receiving written notice of a Party's belief that this Order may require supplementation, the Party believed to be in possession of the materials shall take reasonable steps to ensure that the materials covered by the proposed supplementation are not destroyed, lost, disposed of, or otherwise altered until resolution by the Parties of the issue or determination by the Court of the issue.  If the Parties are unable to agree whether this Order should be supplemented, any Party may move the Court for resolution of the issue.

SO ORDERED.

Date: March 11, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge